IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KAREN DURAN and FRED M.
MONTANO**,

       Plaintiffs,

v.                                                                 No. 1:11-CV-00279-MCA-KBM

**JOHN DOE, et al.,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants BAC Home Loans Servicing, L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss*. [Doc. 9] The Court grants Defendants' motion to the extent that it seeks to dismiss the claims asserted by Plaintiff Fred M. Montano for lack of standing.

**I.     BACKGROUND**

On May 7, 2003, Plaintiff Karen Duran executed a mortgage on her home, which is located at 12512 Modesto Avenue NE, Albuquerque, New Mexico 87122. [Doc. 1 Ex. 4] At some point, Duran defaulted on her loan obligations, which led to a judicial foreclosure action in state court.  See BAC Home Loans Servicing LP v. First State Mortgage, et al., No. D-202-CV-200911031, available at http://www2.nmcourts.gov/caselookup/app.

On March 3, 2011, the *pro se* Plaintiffs, Duran and Montano, filed a *Complaint to Quiet Title to Real Property* in the Second Judicial District of the State of New Mexico

against John Doe, BAC Home Loans Servicing, L.P. (formerly known as Countrywide Home Loans, L.P.), Mortgage Electronic Registration Systems, Inc. (MERS), and Fannie Mae (FNMA). The complaint appears to raise four claims: (1) quiet title; (2) rescission under the Truth in Lending Act (TILA), 15 U.S.C. § 1640, *et seq.*; (3) common law fraud; and (4) rescission and recoupment under the Uniform Commercial Code (UCC). [Doc. 1-2] BAC Home Loans Servicing, L.P., MERS, and FNMA (hereinafter referred to collectively as Defendants) removed the case to this Court on March 31, 2011. [Doc. 1]

On April 21, 2011, Defendants filed *Defendants BAC Home Loans Servicing, L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss*. [Doc. 9] Defendants contend, in relevant part, that Montano lacks standing because he "did not sign either the Note or Mortgage" and he does not have an ownership interest in the subject property. [Doc. 9 at 6-7] In support thereof, Defendants rely upon the Note and Mortgage, as well as a publicly recorded quitclaim deed executed by Montano in favor of Duran, which transferred all of Montano's purported interest in the real property at issue in this case. [Doc. 9-1, 9-2, and 9-3]

## II.     STANDARD OF REVIEW

Defendants move to dismiss the claims asserted by Fred M. Montano pursuant to Fed. R. Civ. P. 12(b)(1), which allows for the dismissal of a claim for lack of subject matter jurisdiction. Generally, Rule 12(b)(1) motions to dismiss for lack of jurisdiction will come in the form of (1) a facial attack, in which case the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the

complaint as true, or (2) a factual attack, where the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). Defendants here have launched a factual attack, meaning this Court "must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence. . . ." Id. Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment; instead, only when resolution of the jurisdictional question is intertwined with the merits of the case is it necessary to convert a Rule 12(b)(1) motion into a Rule 56 motion. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

"In every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). "To have Article III standing, [t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." The Wilderness Soc. v. Kane County, Utah, 632 F.3d 1162, 1168 (10th Cir. 2011) (internal quotation marks and citation omitted).

### III.   DISCUSSION

To establish an injury in fact in this quiet title action, Montano must have an ownership interest in the subject property. See Commonwealth Property Advocates, LLC v. Saxon Mortg. Services, Inc., No. 10–CV–01347–PAB–KMT, 2011 WL 2600987, at * 3 (D. Colo. June 30, 2011) (dismissing the plaintiff's quiet title claim for lack of Article

III standing because the plaintiff had "no legally cognizable interest in the property"); see also Gallegos v. Quinlan, 611 P.2d 1099, 1101 (N.M. 1980) (holding that a plaintiff lacks standing to pursue a quiet title action when he has "no title or interest in the property"). However, the record reflects that, on September 9, 2009, Montano quitclaimed the subject property to Duran.  [Doc. 9-3]  It is well established that a quitclaim deed "conveys only such title, if any, as the grantor had.  Conversely, a quitclaim deed conveys nothing if the grantor himself did not have title or an interest in the property."  Metzger v. Ellis, 337 P.2d 609, 613 (N.M. 1959).  Because Montano transferred any ownership interest he may have acquired in the subject property prior to filing his complaint, the Court concludes that Montano lacks standing.

The complaint also seeks to rescind the mortgage loan transaction on the basis of common law fraud, as well as alleged violations of TILA and the UCC.  Rescission is defined as "*[a] party's* unilateral unmaking of a contract for a legally sufficient reason[.]" Branch v. Chamisa Dev. Corp. Ltd., 223 P.3d 942, 946 (N.M. App. 2009) (quoting Black's Law Dictionary 1332 (8th ed. 2004) (emphasis added)); see also Resolution Trust Corp. v. Federal Sav. and Loan Ins. Corp., 25 F.3d 1493, 1504 (10th Cir. 1994) ("The purpose of rescission and restitution is to put the plaintiff in as good a position as it enjoyed before the contract was made by requiring the defendant to restore the value of plaintiff's part performance or reliance.").  Although New Mexico law provides for rescission on the basis of fraud, the equitable remedy of rescission generally is limited to non-defaulting contractual parties who tender any valuable consideration received.

Branch, 223 P.3d at 946.  Likewise, only parties to the mortgage loan transaction have a right of rescission under TILA.  See Britt v. Flagstar Bank, FSB, No. 10–CV-14463, 2011 WL 6941710, at * 5 (E.D. Mich. October 27, 2011); Davidson v. Countrywide Home Loans, Inc., No. 09–CV–2694–IEG (JMA), 2011 WL 1157569, at *5 (S.D. Cal. March 29, 2011).  Because Montano was not a party to the mortgage loan transaction, the Court concludes that he has not suffered an injury in fact and, therefore, dismisses his rescission claims for lack of standing.

### III. CONCLUSION

On the basis of the foregoing, the Court concludes that Montano's claims must be dismissed for lack of standing.  The Court will address Defendants' motion to dismiss the claims of Duran in a separate order.

**IT IS THEREFORE ORDERED** that *Defendants BAC Home Loans Servicing, L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss* [Doc. 9] is **GRANTED IN PART**, in that Montano's claims are dismissed for lack of standing.

**SO ORDERED** this 1st day of February, 2012, in Albuquerque, New Mexico.

_

M. CHRISTINA ARMIJO
United States District Judge