# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**KAREN DURAN**,

       Plaintiff,

v.                                                       No. 1:11-CV-00279-MCA-KBM

**JOHN DOE, et al.,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants BAC Home Loans Servicing L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss* [Doc. 9] and the parties' supplemental briefs. [Docs. 25 and 26]  Having considered the submissions, the relevant case law, and otherwise being fully advised in the premises, the Court grants Defendants' motion.

## I.     BACKGROUND

On May 7, 2003, Karen Duran financed her home, which is located at 12512 Modesto Avenue NE, Albuquerque, New Mexico 87122, for $322,700.  [Doc. 1-4] Duran eventually defaulted on her loan obligations and is the named defendant in an ongoing judicial foreclosure action in the Second Judicial District of the County of Bernalillo, New Mexico.  See BAC Home Loans Servicing LP v. First State Mortgage, et al., No. D-202-CV-200911031 (available at http://www2.nmcourts.gov/caselookup/app). The Court takes judicial notice of the public record in that case, which reveals that the

trial court entered "[s]ummary and default judgment, decree of foreclosure and appointment of Special Master against Defendant Karen Y. Duran awarding Plaintiff [BAC Home Loans, Servicing, L.P.] $389,015.58 plus interest at 6.625% per year from 8/26/11 and appointing Jeffrey Lake Special Master for sale of property." Id.; see Guttman v. Khalsa, __ F.3d __, 2012 WL 76055, at *25 n.5 (10th Cir. 2012) (noting that courts have the authority to take judicial notice of public records, including court filings). On November 18, 2011, a docketing statement was filed in the New Mexico Court of Appeals. BAC Home Loans Servicing LP, supra, No. D-202-CV-200911031.

On March 3, 2011, Duran and Fred Montano filed a *pro se* complaint in the Second Judicial District Court of the County of Bernalillo, New Mexico against John Doe, BAC Home Loans Servicing L.P. (formerly known as Countrywide Home Loans, L.P.), Fannie Mae (FNMA), and Mortgage Electronic Registration Systems, Inc. (MERS). [Doc. 1-2] The complaint appears to raise four causes of action: (1) quiet title; (2) rescission under the Truth in Lending Act (TILA), 15 U.S.C. § 1640, *et seq.*, (3) common law fraud; and (4) rescission and recoupment under the Uniform Commercial Code (UCC) §§ 3-202, 3-305. The complaint seeks the following remedies: (1) "Judgment establishing Plaintiff's estate"; (2) "Judgment barring and forever estopping Defendants from having or claiming any right or title to the premises adverse to Plaintiff"; (3) "Judgment for Plaintiff's attorneys' fees and costs"; and (4) "Such other and further relief as this Court deems just and proper." [Doc. 1-2 at 22]

On March 31, 2011, MERS removed the case to this Court alleging the existence

of federal question and diversity jurisdiction under 28 U.S.C. § 1441. [Doc. 1] On April 21, 2011, BAC Home Loans Servicing, L.P., MERS, and FNMA (hereinafter collectively referred to as Defendants) filed *Defendants BAC Home Loans Servicing L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss* [Doc. 9]. Defendants contend that the complaint is frivolous and fails to state a claim upon which relief can be granted under Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, Defendants contend that "Plaintiffs' request for a judicial determination of adverse claims to the disputed property will be resolved in the underlying foreclosure action," thereby rendering the present action "superfluous and improper." [Doc. 9 at 13]

On February 1, 2012, this Court dismissed Montano's claims for lack of standing. [See Doc. 21] On that same date, the Court ordered the parties to submit supplemental simultaneous briefs on the following question: "Is this Court required to abstain pursuant to the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), where the property at issue in this case is the subject of a pending foreclosure action in the courts of the State of New Mexico (see BAC Home Loans Servicing LP v. First State Mortgage, et al., No. D-202-CV-200911031), in which the Plaintiff, Karen Duran, is a named defendant?" [Doc. 22] See Morrow v. Winslow, 94 F.3d 1386, 1391 (10th Cir. 1996) (noting that the Younger abstention doctrine may be raised by the Court *sua sponte*). On February 13, 2012, Defendants filed *Defendants BAC Home Loans Servicing, L.P., Fannie Mae, and Mortgage Electronic Systems Inc.'s Supplemental Brief in Support of Abstention Under*

3

*Younger v. Harris*. [Doc. 25] On February 27, 2012, Duran (hereinafter referred to as Plaintiff) filed her *Court Ordered Supplemental Brief Younger-Harris*. [Doc. 26] The supplemental briefing is complete and *Defendants BAC Home Loans Servicing L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss* is now ripe for decision.

## II.   DISCUSSION

"Although federal courts have a virtually unflagging obligation to exercise jurisdiction granted them, they must on rare occasions abstain from exercising their jurisdiction in order to avoid undue interference with states' conduct of their own affairs." J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999) (internal quotation marks and citations omitted). Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction when three conditions have been met. "First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997). "Younger abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." Amanatullah v. Colorado Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999).

"Younger abstention is jurisdictional" and must be addressed "at the outset

because a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge." D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1228-29 (10th Cir. 2004). Accordingly, this Court must address the applicability of the Younger abstention doctrine before reaching the other arguments raised in *Defendants BAC Home Loans Servicing L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss* [Doc. 9].

**A.     Ongoing State Proceedings**

Under the first prong of Younger, state court proceedings are considered ongoing until "a lower state court issues a judgment and the losing party allows the time for appeal to expire." Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006) (internal quotation marks and citation omitted). "The time frame for this determination is when the federal action was filed." Dauwe v. Miller, 364 Fed. Appx. 435, 437 (10th Cir. 2010) (holding that the Younger doctrine barred the plaintiff's claims because the federal action was filed after the Colorado Court of Appeals had denied the plaintiff's motion for rehearing, but before the time for seeking review in the Colorado Supreme Court had expired) (unpublished opinion).

In this case, Plaintiff's federal action was filed approximately six months before the Second Judicial District issued a final judgment and decree of foreclosure in favor of BAC Home Loans Servicing, L.P. See BAC Home Loans Servicing LP, supra, No. D-202-CV-200911031. Additionally, state court proceedings are still ongoing, as reflected by the docketing statement filed in the New Mexico Court of Appeals. Id.

Because Plaintiff's federal action was filed while state court proceedings were ongoing, the Court concludes that the first prong of the Younger doctrine is satisfied.

**B.     Adequate State Forum**

"Typically, a plaintiff has an adequate opportunity to raise federal claims in state court unless state law clearly bars the interposition of the [federal statutory] and constitutional claims." J.B. ex rel. Hart, 186 F.3d at 1292 (internal quotation marks and citation omitted). The question is not whether the plaintiff's federal claims actually were raised in the state court proceedings but, rather, whether they *"could have been raised* in the pending state proceedings." Id. (emphasis in original; internal quotation marks and citation omitted). The plaintiff bears the burden to prove that state procedural law barred the presentation of her federal claims. See id. In the absence of evidence clearly demonstrating that the plaintiff's federal claims were barred, abstention is appropriate. Id.

Plaintiff has failed to produce any evidence demonstrating that her federal claims were barred in the state court foreclosure proceedings. Accordingly, the Court concludes that the second prong of the Younger doctrine is satisfied.

**C.     Important State Interest**

"Matters relating to property law, land use, and zoning ordinances have frequently been held to be 'important' state interests justifying Younger abstention." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 167 (4th Cir. 2008); see Taylor, 126 F.3d at 1297 (holding that the third prong of the Younger abstention doctrine was satisfied because no

state interest is more important "than the enforcement of its method of registering good title to privately owned lands within the state"); Lambeth v. Miller, 363 Fed. Appx. 565, 568 (10th Cir. 2010) (holding that "zoning and nuisance abatement issues are traditional state law matters that implicate important state interests, satisfying the third condition" of the Younger abstention doctrine) (unpublished opinion). Indeed, the Tenth Circuit Court of Appeals has recognized, albeit in dicta, that any claims challenging a foreclosure sale that the state court allowed to proceed could not pass muster under the Younger abstention doctrine. DCR Fund I, LLC v. TS Family Ltd. P'ship, 261 Fed. Appx. 139, 146 (10th Cir. 2008) (holding that the district court properly refused to consider the defendants' request for injunctive relief to halt a foreclosure sale and claims for conspiracy, abuse of process, and conversion) (unpublished opinion). For this reason, the district courts in this circuit consistently have held that abstention under the Younger doctrine is mandatory when a federal action implicates title to real property and state court foreclosure proceedings are ongoing. See, e.g., Barefoot, et al., v. Onewest Bank, FBS, et al., No. 11-CV-0038 JB/LFG, Doc. No. 10 (February 23, 2011) (adopting the magistrate judge's report and recommendations, which recommended abstention under the Younger doctrine regarding the plaintiffs' request for a temporary restraining order and preliminary injunction to halt a foreclosure sale); Quackenbush v. J.P. Morgan Chase Bank, N.A., No. 10–CV–01494–REB–BNB, 2011 WL 3555711, *5 (D. Colo. July 12, 2011); Beeler Prop., LLC v. Lowe Enter. Residential Investors, LLC, No. 07-CV-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007).

Plaintiff's complaint, which asks this Court to adjudicate Plaintiff's right and title to the subject property, implicates an important state interest.  On the basis of the foregoing, the Court concludes that it must abstain from exercising jurisdiction over Plaintiff's complaint pursuant to the Younger abstention doctrine.

**D.     Remedy**

"A district court deciding to abstain under Younger has the option of either dismissing the case without prejudice or holding the case in abeyance."  Coles v. Granville, 448 F.3d 853, 866 (6th Cir. 2006).  A stay is the proper remedy when the plaintiff's complaint seeks monetary damages in federal court.  D.L., 392 F.3d at 1228; see Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730 (1996) ("we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether").  However, a complaint should be dismissed without prejudice to the extent that injunctive or declaratory relief is sought.  D.L., 392 F.3d at 1232; Chapman v. Barcus, 372 Fed. Appx. 899, 902 (10th Cir. 2010) (unpublished opinion).

Plaintiff's complaint does not seek monetary damages but, instead, seeks a judgment from this Court "establishing Plaintiff's estate" and "barring and forever estopping Defendants from having or claiming any right or title to the premises adverse to Plaintiff."  [Doc. 1-2 at 22].  In light of the nature of the relief requested, the Court concludes that Plaintiff's complaint must be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it must abstain from exercising jurisdiction over Plaintiff's complaint pursuant to the Younger abstention doctrine.

**IT IS THEREFORE ORDERED** that *Defendants BAC Home Loans Servicing L.P., Fannie Mae, and Mortgage Electronic Registration System Inc.'s Motion to Dismiss* is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 19th day of March, 2012, in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge